FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2014 MAR 19  PM 1:36

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY

GEORGE VELEZ,
                          **Petitioner,**

-vs-                                                    Case No.  A-14-CA-133-SS

BRANDA P. KENNEDY,
                          **Respondent.**

_____

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner George Velez's Petition for Writ of Habeas Corpus [#1], the Report and Recommendation of the United States Magistrate Judge [#4], and  Petitioner George Velez's Objections [#12].  Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  Velez is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1).  All other review is for plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).  Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

Although Velez's petition is difficult to read, he appears to have been convicted of robbery and burglary in January 2014. Velez has not yet had the opportunity to appeal his recent convictions or challenge them in state applications for writ of habeas corpus.

## Analysis

A fundamental prerequisite to federal habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). Section 2254(b) provides that:

> (1)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>
>      (A)     the applicant has exhausted the remedies available in the courts of the State; or
>
>      (B)     (i)     there is an absence of available State corrective process; or
>                (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citing *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 490–91 (1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." *Castille v. Peoples*, 489 U.S. 346, 349 (1989).  The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).  Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied.  *See Castille*, 489 U.S. at 351.  In order to avoid piecemeal litigation, all grounds raised in a federal petition for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court.  *Rose*, 455 U.S. at 522.  If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies.  *Id.*

In the present case, Velez has not presented his claims to the Texas Court of Criminal Appeals.  Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law.   Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist.  *Deters v. Collins*, 985 F.2d 789, 795–96 (5th Cir. 1993).  Velez, however, makes no allegations that any exceptional circumstances are present in this case.  Therefore, the Court finds Velez has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.  Nothing in Velez's Objections addresses these exhaustion issues or changes the Court's conclusion.

## Conclusion

Velez's Petition for Writ of Habeas Corpus [#1] must be DISMISSED WITHOUT PREJUDICE for failure to exhaust his state court remedies.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Velez's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve

-4-

encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

IT IS ORDERED that Petitioner George Velez's Objections [#12] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#4] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner George Velez's Petition for Writ of Habeas Corpus [#1] is DISMISSED WITHOUT PREJUDICE;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the __19th__ day of March 2014.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE